# Exhibit A

21A03463

No. _____

Date Summons Issued and Filed

_____

7/26/2021        Siana Smith
          Deputy Clerk

Deposit Paid $ _____

[ ]    **ANSWER**

[ ]    **JURY**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Leanne M. McClure
_____

Baywood Court, Conyers, Rockdale County, GA 30013
_____
(Plaintiff's name and address)

**vs.**

Go-To Transport, Inc.
_____

registered agent Gary I. Short at 1322 Washington Avenue, Bay City, Michigan 48708
_____

(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:** Go-To Transport, Inc.

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Danielle B. Obiorah and Teri D. Fields
_____
(Name)
Obiorah Fields, LLC, 157 S. McDonough Street
_____
(Address)
404-944-6218              055770/ 259677
_____
(Phone Number)              (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

| Defendant's Attorney | | Third Party Attorney | |
|---|---|---|---|
| | | | |
| Address | | Address | |
| Phone No. | Georgia Bar No. | Phone No. | Georgia Bar No. |

**TYPE OF SUIT**

☐ Account          ☐ Personal Injury
☐ Contract         ☐ Medical Malpractice
☐ Note             ☐ Legal Malpractice
☐ Trover           ☐ Product Liability
                   ☐ Other

Principal     $ _____
Interest      $ _____
Atty Fees     $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev

Copy from re:SearchGA

This Page inserted to separate pleadings

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ISHAQ NOUREDDIN,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )          CIVIL ACTION FILE NO.:
                                          )
PATRICK J. REASONER, and                  )              21A03463
GO-TO TRANSPORT, INC.,                    )
                                          )
        Defendants.                       )
                                          )
_____   )

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

COMES NOW ISHAQ NOUREDDIN, Plaintiff herein, and makes and files this complaint against Defendants PATRICK J. REASONER, and GO-TO TRANSPORT, INC., as follows:

### PARTIES AND JURISDICTION
1.

Plaintiff ISHAQ NOUREDDIN is a citizen of the State of Georgia and is subject to the jurisdiction and venue of this court.

2.

Defendant PATRICK J. REASONER (hereafter referred to as "Defendant REASONER") is a resident of the State of Michigan. Defendant is subject to the jurisdiction and venue of this Court. Defendant may be served with a copy of the summons and complaint at his residence, to wit: 145 S. Hudson Street, Coldwater, Michigan 49036.

3.

Defendant GO-TO TRANSPORT, INC. (hereafter referred to as "Defendant GO-TO TRANSPORT") is a domestic corporation, existing under the laws of the State of Michigan, and may be served by delivering a copy of the summons and complaint to its registered agent Gary l. Short at 1322 Washington Avenue, Bay City, Michigan 48708.

~1~

4.

Jurisdiction and venue are proper in this court.

## BACKGROUND

5.

On August 5, 2019 at approximately 3:10 p.m., Plaintiff ISHAQ NOUREDDIN was operating a 2007 Toyota Camry while traveling on I-85 south in the fifth lane..

6.

On the same date and time, Defendant PATRICK J. REASONER was operating a 2014 International truck tractor while traveling on I-85 south in the sixth lane. Defendant REASONER improperly and illegally entered the fifth lane of I-85 south, and struck the Plaintiff's vehicle. The front of Defendant REASONER's vehicle collided with the driver's side of the Plaintiff's vehicle.

7.

Defendant REASONER was an employee of Defendant GO-TO TRANSPORT at the time of the incident.

8.

As a result of the collision, the Plaintiff suffered serious, painful and debilitating injuries to his body which have had a significant impact on his life and ability to function normally.

## COUNT 1- NEGLIGENCE

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

9.

Defendants REASONER and GO-TO TRANSPORT had a duty to the Plaintiff to act reasonably.

10.

Defendants REASONER and GO-TO TRANSPORT breached that duty.

~2~

11..

As a direct and proximate cause of the negligence of Defendants REASONER and GO-TO TRANSPORT, the Plaintiff suffers from serious, painful and debilitating injuries to his body, and past medical expenses .

12.

All of the above damages were directly and proximately caused by the aforementioned negligence of Defendants REASONER and GO-TO TRANSPORT, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or an opportunity for the Plaintiff, to avoid the incident.

## COUNT II – NEGLIGENCE PER SE

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

13.

Defendant REASONER had a duty to act reasonably and use due care while driving.

14.

Defendant REASONER's negligence, which constitutes the direct and proximate cause of injury to the Plaintiff consisted of, but was not limited to, the following:

(a) In failing to make reasonable and proper observations while driving his 2014 International truck tractor or, if reasonable and proper observations were made, failing to act thereon;

(b) In driving his 2014 International truck tractor without keeping a proper lookout ahead in violation of O.C.G.A. § 40-6-49;

(c) In failing to observe or undertake the necessary precautions to keep his 2014 International truck tractor from colliding with the vehicle in which the Plaintiff was operating was in violation of O.C.G.A. § 40-6-49;

(d) In driving his 2014 International truck tractor in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

, ,

(e) In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

15.

The Defendant REASONER's negligence is the sole proximate cause of the collision, the Plaintiff's resulting injuries and the damages that the Plaintiff has incurred.

## COUNT III – IMPUTED NEGLIGENCE (GO-TO TRANSPORT)

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

16.

At the time of the subject collision, Defendant REASONER was an employee of Defendant GO-TO TRANSPORT.

17.

At the time of the subject collision, Defendant REASONER was operating a vehicle owned and on behalf of Defendant GO-TO TRANSPORT.

18.

Pursuant to federal and state laws, GO-TO TRANSPORT is responsible for the actions of Defendant PATRICK J. REASONER in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT IV – NEGLIGENT HIRING, TRAINING, & SUPERVISION
## (GO-TO TRANSPORT)

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

19.

Defendant GO-TO TRANSPORT had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Defendant GO-TO TRANSPORT owed such duty to the Plaintiff and such duty was breached.

20.

Defendant GO-TO TRANSPORT knew, or should have known, that Defendant REASONER would be likely to operate a motor vehicle in a negligent and reckless manner.

21.

Defendant GO-TO TRANSPORT knew, or should have known, that Defendant REASONER was not competent or fit for the duties required of him as an employee. Defendant GO-TO TRANSPORT breached its duty to use reasonable care to select and retain an employee that was competent and fit for the position.

22.

Defendant GO-TO TRANSPORT was negligent in failing to properly train Defendant REASONER.

23.

Defendant GO-TO TRANSPORT was negligent in failing to properly supervise Defendant REASONER.

24.

Defendant GO-TO TRANSPORT's negligence in hiring Defendant REASONER and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and the Plaintiff's resulting injuries

## COUNT V – DAMAGES.

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

25.

As a result of the Defendants' negligence, the Plaintiff suffered substantial injuries to his head and back.

26.

As a result of the Defendants' negligence, the Plaintiff has incurred past medical expenses in excess of $17,064.27.

27.

Defendants' negligence is the sole and proximate cause of the Plaintiff's injuries.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that he has a **TRIAL BY JURY** on all
issues and judgment against Defendants as follows:

a.   That the Plaintiff recovers the full value of his past and future medical expenses in
an amount to be proven at trial, but in no event less than $17,064.27;

b.   That the Plaintiff recovers for past and future physical and mental pain and
suffering in an amount to be determined by the enlightened conscience of a jury;

c.   That Process issue, as provided by law, requiring the Defendants to appear
and answer the Plaintiff's Complaint;

d.   That service be had upon the Defendants as provided by law;

e.   That the Court award and enter a judgment in favor of the Plaintiff and
against the Defendants for compensatory damages in an amount to be
proven at trial; and

f.   That the Plaintiff recovers such other and further relief as is just and proper.

Respectfully submitted this 25th day of July 2021.

OBIORAH FIELDS, LLC

/s/ Danielle Obiorah
Danielle Obiorah
Georgia Bar No. 055770
*ATTORNEY FOR PLAINTIFF*

157 South McDonough
Jonesboro, Georgia 30236
(404) 994-6218
(877) 828-8956 (Fax)
dbo@obiorahfields.com

STATE COURT OF
DEKALB COUNTY, GA.
7/25/2021 11:07 AM
E-FILED
BY: Siana Smith

~6~

This Page inserted to separate pleadings

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ISHAQ NOUREDDIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO.: 21A03463 |
| | ) |
| PATRICK J. REASONER, and | ) |
| GO-TO TRANSPORT, INC., | ) |
| | ) |
| Defendants. | ) |

## UNIFORM RULE 5.2 CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing *Plaintiff's First Continuing Interrogatories and Request for Production of Documents to Defendant GO-TO TRANSPORT, INC.* in the above-styled case by electronically filing and emailing through Odyssey eFileGA.

PATRICK REASONER
145 S. Hudson Street
 Coldwater, Michigan 49036
*Defendant*

Perdue Business Holdings, Inc.
Registered Agent: Gary Short
132 Washington Avenue
Bay City, Michigan 487808
*Defendant*

This 3rd day of August 2021.

OBIORAH FIELDS, LLC

/s/ Danielle Obiorah
Danielle Obiorah
Georgia Bar No. 055770
*Attorney for Plaintiff*

157 South McDonough
Jonesboro, Georgia 30236
(404) 994-6218
(877) 828-8956 (Fax)
dbo@obiorahfields.com

~20~

Copy from re:SearchGA

This Page inserted to separate pleadings

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

ISHAQ NOUREDDIN,                          )
                                          )
    Plaintiff,             )
                                          )
v.                                        )    CIVIL ACTION FILE NO.: 21A03463
                                          )
PATRICK J. REASONER, and                  )
GO-TO TRANSPORT, INC.,                    )
                                          )
    Defendants.            )
_____   )

### UNIFORM RULE 5.2 CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I have this day served a copy of the within and foregoing *Plaintiff's First Continuing Interrogatories and Request for Production of Documents to Defendant REASONER* in the above-styled case by electronically filing and emailing through Odyssey eFileGA.

PATRICK REASONER
145 S. Hudson Street
Coldwater, Michigan 49036
*Defendant*

Go-To Transport, Inc.
Registered Agent: Gary Short
132 Washington Avenue
Bay City, Michigan 487808
*Defendant*

This 3rd day of August 2021.

OBIORAH FIELDS, LLC

/s/ Danielle Obiorah
Danielle Obiorah
Georgia Bar No. 055770
*ATTORNEY FOR PLAINTIFF*

157 South McDonough
Jonesboro, Georgia 30236
(404) 994-6218
(877) 828-8956 (Fax)
dbo@obiorahfields.com

~21~

STATE COURT OF
DEKALB COUNTY, GA.
8/3/2021 11:45 AM
E-FILED
BY: Patricia Harris

Copy from re:SearchGA

This Page inserted to separate pleadings

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

ISHAQ NOUREDDIN,         )
                           )
      Plaintiff,        )
                           )
v.                       )      CIVIL ACTION FILE NO.: 21A03463
                           )
PATRICK J. REASONER, and   )
RD LOGISTICS, LLC,       )
                           )
      Defendants.     )
                           )

## AMENDED COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

COMES NOW ISHAQ NOUREDDIN, Plaintiff herein, and makes and files this Amended Complaint against Defendants PATRICK J. REASONER, and RD Logistics, LLC, as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff ISHAQ NOUREDDIN is a citizen of the State of Georgia and is subject to the jurisdiction and venue of this court.

2.

Defendant PATRICK J. REASONER (hereafter referred to as "Defendant REASONER") is a resident of the State of Michigan. Defendant is subject to the jurisdiction and venue of this Court. Defendant may be served with a copy of the summons and Amended Complaint at his residence, to wit: 145 S. Hudson Street, Coldwater, Michigan 49036.

3.

Defendant RD Logistics, LLC (hereafter referred to as "Defendant RD Logistics, LLC") is a domestic corporation, existing under the laws of the State of Michigan, and may be served by delivering a copy of the summons and Amended Complaint to its registered agent Jann D. Knapp at 11699 Fenner Road, Perry, Michigan 48872..

STATE COURT OF
DEKALB COUNTY, GA.
8/20/2021 11:36 AM
E-FILED
BY: Patricia Harris

Copy from re:SearchGA

4.

Jurisdiction and venue are proper in this court.

## BACKGROUND

5.

On August 5, 2019 at approximately 3:10 p.m., Plaintiff ISHAQ NOUREDDIN was operating a 2007 Toyota Camry while traveling on I-85 south in the fifth lane..

6.

On the same date and time, Defendant PATRICK J. REASONER was operating a 2014 International truck tractor while traveling on I-85 south in the sixth lane. Defendant REASONER improperly and illegally entered the fifth lane of I-85 south, and struck the Plaintiff's vehicle. The front of Defendant REASONER's vehicle collided with the driver's side of the Plaintiff's vehicle.

7.

Defendant REASONER was an employee of Defendant RD Logistics, LLC at the time of the incident.

8.

As a result of the collision, the Plaintiff suffered serious, painful and debilitating injuries to his body which have had a significant impact on his life and ability to function normally.

## COUNT I- NEGLIGENCE

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

9.

Defendants REASONER and RD Logistics, LLC had a duty to the Plaintiff to act reasonably.

10.

Defendants REASONER and RD Logistics, LLC breached that duty.

~2~

Copy from re:SearchGA

11.

As a direct and proximate cause of the negligence of Defendants REASONER and RD Logistics, LLC, the Plaintiff suffers from serious, painful and debilitating injuries to his body, and past medical expenses .

12.

All of the above damages were directly and proximately caused by the aforementioned negligence of Defendants REASONER and RD Logistics, LLC, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or an opportunity for the Plaintiff, to avoid the incident.

## COUNT II – NEGLIGENCE PER SE

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

13.

Defendant REASONER had a duty to act reasonably and use due care while driving.

14.

Defendant REASONER's negligence, which constitutes the direct and proximate cause of injury to the Plaintiff consisted of, but was not limited to, the following:

(a) In failing to make reasonable and proper observations while driving his 2014 International truck tractor or, if reasonable and proper observations were made, failing to act thereon;

(b) In driving his 2014 International truck tractor without keeping a proper lookout ahead in violation of O.C.G.A. § 40-6-49;

(c) In failing to observe or undertake the necessary precautions to keep his 2014 International truck tractor from colliding with the vehicle in which the Plaintiff was operating was in violation of O.C.G.A. § 40-6-49;

(d) In driving his 2014 International truck tractor in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

Copy from re:SearchGA

(e) In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

15.

The Defendant REASONER's negligence is the sole proximate cause of the collision, the Plaintiff's resulting injuries and the damages that the Plaintiff has incurred.

## COUNT III – IMPUTED NEGLIGENCE (RD Logistics, LLC)

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

16.

At the time of the subject collision, Defendant REASONER was an employee of Defendant RD Logistics, LLC.

17.

At the time of the subject collision, Defendant REASONER was operating a vehicle owned and on behalf of Defendant RD Logistics, LLC.

18.

Pursuant to federal and state laws, RD Logistics, LLC is responsible for the actions of Defendant PATRICK J. REASONER in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT IV – NEGLIGENT HIRING, TRAINING, & SUPERVISION
## (RD Logistics, LLC)

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

19.

Defendant RD Logistics, LLC had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Defendant RD Logistics, LLC owed such duty to the Plaintiff and such duty was breached.

Copy from re:SearchGA

20.

Defendant RD Logistics, LLC knew, or should have known, that Defendant REASONER would be likely to operate a motor vehicle in a negligent and reckless manner.

21.

Defendant RD Logistics, LLC knew, or should have known, that Defendant REASONER was not competent or fit for the duties required of him as an employee. Defendant RD Logistics, LLC breached its duty to use reasonable care to select and retain an employee that was competent and fit for the position.

22.

Defendant RD Logistics, LLC was negligent in failing to properly train Defendant REASONER.

23.

Defendant RD Logistics, LLC was negligent in failing to properly supervise Defendant REASONER.

24.

Defendant RD Logistics, LLC's negligence in hiring Defendant REASONER and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and the Plaintiff's resulting injuries

## <u>COUNT V – DAMAGES</u>.

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

25.

As a result of the Defendants' negligence, the Plaintiff suffered substantial injuries to his head and back.

26.

As a result of the Defendants' negligence, the Plaintiff has incurred past medical expenses in excess of $17,064.27.

Copy from re:SearchGA

27.

Defendants' negligence is the sole and proximate cause of the Plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that he has a **TRIAL BY JURY** on all issues and judgment against Defendants as follows:

a.  That the Plaintiff recovers the full value of his past and future medical expenses in an amount to be proven at trial, but in no event less than $17,064.27;

b.  That the Plaintiff recovers for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.  That Process issue, as provided by law, requiring the Defendants to appear and answer the Plaintiff's Amended Complaint;

d.  That service be had upon the Defendants as provided by law;

e.  That the Court award and enter a judgment in favor of the Plaintiff and against the Defendants for compensatory damages in an amount to be proven at trial; and

f.  That the Plaintiff recovers such other and further relief as is just and proper.

Respectfully submitted this 20th day of August 2021.

OBIORAH FIELDS, LLC

*/s/* Danielle Obiorah
Danielle Obiorah
Georgia Bar No. 055770
*Attorney for Plaintiff*

157 South McDonough
Jonesboro, Georgia 30236
(404) 994-6218
(877) 828-8956 (Fax)
dbo@obiorahfields.com

STATE COURT OF
DEKALB COUNTY, GA.
8/20/2021 11:36 AM
E-FILED
BY: Patricia Harris

~6~

Copy from re:SearchGA

This Page inserted to separate pleadings

21A03463

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

No. _____

**SUMMONS**

Date Summons Issued and Filed
8/20/2021
_____

Patricia Harris
_____
Deputy Clerk

Ishaq Noureddin

886 Rowland Street, Clarkston, Dekalb County, Ga 30021
_____
(Plaintiff's name and address)

Deposit Paid $ _____

[] **ANSWER**

**vs.**

[] **JURY**

RD Logistics, LLC

Registered Agent: JANN D KNAPP, 11699 FENNER RD, PERRY, MI
48872
_____
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:** RD Logistics, LLC

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Danielle B. Obiorah and Teri D. Fields
_____
(Name)
Obiorah Fields, LLC, 157 S. McDonough Street
_____
(Address)
404-944-6218                              055770/ 259677
_____              _____
(Phone Number)                              (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____

_____          _____

Defendant's Attorney                              Third Party Attorney

_____          _____

Address                                          Address

_____          _____
Phone No.          Georgia Bar No.                Phone No.                    Georgia Bar No.

_____

**TYPE OF SUIT**

☐ Account          ☐ Personal Injury          Principal     $ _____
☐ Contract         ☐ Medical Malpractice
☐ Note             ☐ Legal Malpractice        Interest      $ _____
☐ Trover           ☐ Product Liability
                   ☐ Other                     Atty Fees     $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT OF
DEKALB COUNTY, GA.
STATE COURT COUNTY
8/20/2021 11:29 AM
E-FILED
BY: Patricia Harris

Copy from re:SearchGA

This Page inserted to separate pleadings

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

ISHAQ NOUREDDIN,                              )
                                             )
    Plaintiff,                          )
                                             )
                                             )    CIVIL ACTION FILE NO.: 21A03463
                                             )
PATRICK J. REASONER, and                     )
RD LOGISTICS, LLC,                           )
                                             )
Defendants.                                  )

### DEFENDANT PATRICK J. REASONER'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

COMES NOW Defendants PATRICK J. REASONER, submits his Answer to Plaintiff's Amended Complaint, showing the Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim against Defendant and, therefore, the Amended Complaint should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiff because Defendant breached no duty owned to Plaintiff in regard to the occurrence giving rise to this action.

### THIRD AFFIRMATIVE DEFENSE

If the evidence shows that Plaintiff was negligent in bringing about the injuries and damages set forth in the Amended Complaint and said negligence was equal to or greater than any negligence on behalf of Defendant, then Plaintiff is not entitled to damages.

### FOURTH AFFIRMATIVE DEFENSE

If the evidence shows that the Plaintiff was comparatively negligent in bringing about the injuries and damages set forth in the Amended Complaint, but said negligence was less than any

negligence found on behalf of Defendant or its agents, any award of damages to Plaintiff should be reduced to the extent of Plaintiff's own negligence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover from Defendant because Plaintiff's alleged damages were not proximately caused by any act or omission of Defendant.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to mitigate Plaintiff's damages, if any, Plaintiff's damages must be reduced to the extent of Plaintiff's failure to mitigate.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off for any amount paid to Plaintiff by any other entity as a result of the alleged incident that forms the basis of Plaintiff's Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant hereby specifically retain (and deny any waiver of) any and all affirmative defenses available to them that become evident during the course of discovery. Defendants expressly reserve the right to assert any and all affirmative defenses as may be disclosed during the course of additional investigation and discovery.

## NINTH AFFIRMATIVE DEFENSE

The injuries and damages alleged by Plaintiff were not proximately caused by any negligence on the part of Defendant or any entity or person for whose actions Defendant was legally liable.  To the extent that Plaintiff's damages were a result of negligence, said negligence would be the proximate cause of the actions of entities or persons other than Defendant or his agents.

## TENTH AFFIRMATIVE DEFENSE

Defendant denies that venue is proper in the State Court of Dekalb County.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Further answering the Amended Complaint, Defendant responds to the specific allegations of Plaintiff's Amended Complaint as follows:

### PARTIES AND JURISDICTION

1.

Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint, and, therefore, denies them.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint, Defendant admits that he is a resident in the State of Michigan and can be served with a copy of the Amended Complaint at his residence located at 145 South Hudson Street, Coldwater, Michigan 49036. The remaining allegations contained in Paragraph 2 of Plaintiff's Amended Complaint are denied.

3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint, Defendant admits, upon information and belief, that Defendant RD Logistics, LLC is a company existing under the laws of the State of Michigan. Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4.

Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

## BACKGROUND

5.

Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6.

In response to the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint, Defendant admits that he was operating a 2014 International tractor trailer on I-85 and made contact with Plaintiff's vehicle. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

## COUNT I- NEGLIGENCE

Defendant realleges and reincorporates herein his responses to Paragraphs 1 through 8 of Plaintiff's Amended Complaint as if restated herein verbatim.

9.

The allegations contained in Paragraph 9 of Plaintiff's Amended Complaint state legal

conclusions to which no response is required of Defendant.  To the extent a response is required, the allegations are denied to the extent that they are inconsistent with Georgia statutory and common law and the facts of this case.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

## COUNT II – NEGLIGENCE PER SE

Defendant realleges and reincorporates herein his responses to Paragraphs 1 through 12 of Plaintiff's Amended Complaint as if restated herein verbatim.

13.

The allegations contained in Paragraph 13 of Plaintiff's Amended Complaint state legal conclusions to which no response is required of Defendant. To the extent a response is required, the allegations are denied to the extent that they are inconsistent with Georgia statutory and common law and the facts of this case.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint, and the subparts included therein.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

## COUNT III – IMPUTED NEGLIGENCE (RD Logistics, LLC)

Defendant realleges and reincorporates herein his responses to Paragraphs 1 through 15 of Plaintiff's Amended Complaint as if restated herein verbatim.

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint, as stated.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

## COUNT IV – NEGLIGENT HIRING, TRAINING, & SUPERVISION

### (RD Logistics, LLC)

Defendant realleges and reincorporates herein his responses to Paragraphs 1 through 18 of Plaintiff's Amended Complaint as if restated herein verbatim.

19.

The allegations contained in Paragraph 19 of Plaintiff's Amended Complaint state legal conclusions to which no response is required of Defendant.  To the extent a response is required, the allegations are denied to the extent that they are inconsistent with Georgia statutory and

common law and the facts of this case.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

**COUNT V – DAMAGES.**

Defendant realleges and reincorporates herein his responses to Paragraphs 1 through 24 of Plaintiff's Amended Complaint as if restated herein verbatim.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28.

Defendant denies the allegations contained in the WHEREFORE Paragraph of Plaintiff's Amended Complaint.

29.

Defendant denies each and every allegation contained in Plaintiff's Amended Complaint not expressly admitted, explained, or modified herein above.

WHEREFORE, Defendant requests that the following relief be granted:

a)   That Plaintiff's Amended Complaint is dismissed with prejudice;

b)   That Defendant be awarded assessments, interest, and late charges, in amounts to be proven at trial;

c)   That Defendant be awarded its reasonable attorney's fees and costs incurred in asserting its rights through this action;

d)   That Defendant be awarded such other and further relief as this Court deems just and proper.

This 17th day of September, 2021.

SWIFT, CURRIE, McGHEE & HIERS, LLP

/s/ Mike O. Crawford
Mike O. Crawford

- 8 -

Georgia Bar No. 194165
Gillian S. Crowl
Georgia Bar No. 654746
*Attorneys for Defendants*

1355 Peachtree Street, N.E., Suite 300
Atlanta, GA 30309
(404) 874-8800
mike.crawford@swiftcurrie.com
gillian.crowl@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing *DEFENDANT PATRICK J. REASONER'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT* via the Odyssey system, through which the following parties will receive electronic service:

Danielle Obiorah
Obiorah Fields, LLC
157 South McDonough
Jonesboro, GA 30236
dbo@obiorahfields.com

This 17th day of September, 2021.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Mike O. Crawford*
Mike O. Crawford
Georgia Bar No. 194165
Gillian S. Crowl
Georgia Bar No. 654746
*Attorneys for Defendants*

1355 Peachtree Street, NE
Suite 300
Atlanta, GA 30309
OFF:   (404) 874-8800
FAX: (404) 888-6199

4813-9466-6234, v. 1

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ISHAQ NOUREDDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 21A03463 |
| PATRICK J. REASONER, and | ) | |
| RD LOGISTICS, LLC, | ) | |
| | ) | |
| Defendants | ) | |

<u>**DEFENDANT PATRICK J. REASONER'S  NOTICE OF FILING REMOVAL**</u>

TO:     Danielle Obiorah
        Obiorah Fields, LLC
        157 South McDonough
        Jonesboro, GA 30236

**PLEASE TAKE NOTICE** that Patrick J. Reasoner has on September 17, 2021, filed his

Notice of Removal, a copy of which is attached hereto as Exhibit 1, in the Office of the Clerk of

the United States District Court for the Northern District of Georgia, Atlanta Division.

This 17th day of September, 2021.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Mike O. Crawford*
Mike O. Crawford
Georgia Bar No. 194165
Gillian S. Crowl
Georgia Bar No. 654746
*Attorneys for Defendants*

1355 Peachtree Street, N.E., Suite 300
Atlanta, GA 30309
(404) 874-8800
mike.crawford@swiftcurrie.com
gillian.crowl@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **DEFENDANT PATRICK J. REASONER'S NOTICE OF FILING REMOVAL** via the Odyssey system, through which the following parties will receive electronic service:

Danielle Obiorah
Obiorah Fields, LLC
157 South McDonough
Jonesboro, GA 30236
dbo@obiorahfields.com

This 17th day of September, 2021.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Mike O. Crawford*_____
Mike O. Crawford
Georgia Bar No. 194165
Gillian S. Crowl
Georgia Bar No. 654746
**Attorneys for Defendants**

1355 Peachtree Street, NE
Suite 300
Atlanta, GA  30309
OFF:   (404) 874-8800
FAX: (404) 888-6199

4851-9844-0698, v. 1

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ISHAQ NOUREDDIN, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO. _____ |
| | ) | |
| v. | ) | |
| | ) | [On removal from the State Court of |
| PATRICK J. REASONER, | ) | DeKalb County, Civil Action |
| and RD LOGSTICS, LLC, | ) | File No. 21-A-03463 |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

<u>**NOTICE OF REMOVAL**</u>

COMES NOW, Patrick J. Reasoner, ("Defendant") Defendant in the above styled action, and within the time prescribed by law files this Notice of Removal and respectfully shows the Court the following facts:

1.

Plaintiff commenced this action by filing his Complaint on July 25, 2021 in the State Court of DeKalb County, which is a county within the Atlanta Division of this Court. The suit is styled as above and numbered civil action file number 21A03463 in that Court. Defendant Reasoner was served with a copy of the suit on August 23, 2021. The Notice of Removal is filed within the 30 days of Defendant's receipt of the suit and is thus timely.

2.

Plaintiff in the aforesaid case is a resident and citizen of the State of Georgia. (*See* Plaintiff's Amended Complaint, ¶ 1).

3.

Defendant Reasoner is a resident and citizen of the State of Michigan. Defendant Reasoner is not a citizen of the State of Georgia, and was not a citizen of the State of Georgia on the date of filing of the aforesaid civil action and has not been thereafter.   (*See* Plaintiff's Amended Complaint, ¶ 2).

4.

Upon information and belief, Defendant RD Logistics, LLC is a foreign limited liability company organized under the laws of the State of Michigan, with its principal place of business in the State of Michigan. Upon information and belief, the members of RD Logistics, LLC are residents and citizens of the State of Michigan. Upon information and belief, Defendant RD Logistics, LLC and its members are not citizens of the State of Georgia and were not citizens of the State of Georgia on the date of filing of the aforesaid civil action and has not been thereafter. (*See* Plaintiff's Amended Complaint ¶ 3).

5.

Complete diversity exists between Plaintiff and Defendants in accordance

2

with 28 U.S.C. §1332 (a)(1).

6.

The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.

Plaintiff alleges that he suffered serious, painful and debilitating injuries to his body that impact his ability to function normally.   *See* Plaintiff's Amended Complaint, ¶ 8). Plaintiff also alleges that he suffered substantial injuries to his neck and back, has past and future medical expenses, and is entitled to recover for past and future physical and mental pain and suffering in connection with the subject incident. (*See* Plaintiff's Amended Complaint, ¶¶ 25, 26). Although Defendant denies any wrongdoing, the allegations of injuries and damages sought in the Amended Complaint are similar to those other actions in which other plaintiffs have sought and recover damages in excess of $75,000. Thus, given the allegations of Plaintiff's Amended Complaint, the amount in dispute in this matter will exceed the jurisdictional requirement of $75,000.

8.

This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. § 1441. This court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)

3

and (b) because there is complete diversity of citizenship between Plaintiff and Defendants and, as shown above, the amount in controversy exceeds $75,000. Further, as required by 28 U.S.C. § 1441(b), no Defendant is a citizen of the State of Georgia.

9.

Pursuant to 28 U.S.C. § 1446(a), Defendant has attached hereto copies of all process, pleadings, and orders served upon them in this case, such copies being marked "Exhibit A".

10.

Defendant submits this Notice of Removal without waiving any defense to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted. Defendant specifically reserves the right to assert, if applicable, any and all defenses enumerated under Rule 12 of the Federal Rules of Civil Procedure or any other affirmative defenses, including those enumerated under Rule 8(c) of the Federal Rules of Civil Procedure, upon the filing of its responsive pleadings within the time allotted under the Federal Rules of Civil Procedure.

11.

Defendant has given written notice of the filing of this Notice of Removal to Plaintiff by notifying his attorneys of record, Danielle Obiorah, Obiorah Fields,

LLC, 157 South McDonough, Jonesboro, GA 30236. Defendant has also filed a written notice with the Clerk of the State Court of DeKalb County, a copy of said notice being attached hereto and made in part hereof.

**WHEREFORE**, Defendant prays that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 17th day of September, 2021.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Mike O. Crawford*_____
Mike O. Crawford
Georgia Bar No. 194165
Gillian S. Crowl
Georgia Bar No. 654746
***Attorneys for Defendant***

The Peachtree – Suite 300
1355 Peachtree Street, NE
Atlanta, GA   30309
OFF:  (404) 874-8800
FAX: (404) 888-6199

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served upon counsel for the opposing

parties in the foregoing matter a true and accurate copy of ***NOTICE OF REMOVAL***

with the Clerk of Court using the CM/ECF System. The clerk will serve opposing

counsel as follows:

Danielle Obiorah
Obiorah Fields, LLC
157 South McDonough
Jonesboro, GA 30236
dbo@obiorahfields.com

This 17th day of September, 2021.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Mike O. Crawford*
Mike O. Crawford
Georgia Bar No. 194165
Gillian S. Crowl
Georgia Bar No. 654746
***Attorneys for Defendant***

1355 Peachtree Street, NE
Suite 300
Atlanta, GA  30309
OFF:  (404) 874-8800
FAX: (404) 888-6199
4823-6033-8426, v. 1